# United States District Court
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-W9 under the Pooling & Servicing Agreement dated December 1, 2003** | : : : : : : | **Case No. 1:06-cv-01186** <br><br> **District Judge Dan Aaron Polster** |
| **Plaintiff** | : : | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| vs. | : : | |
| **Shannon Calhoun, et al.** | : | |
| **Defendants.** | | |

UNITED STATES DISTRICT JUDGE DAN AARON POLSTER

This matter is before the Court on the motion of Plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-W9 under the Pooling & Servicing Agreement dated December 1, 2003's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment against Shannon Calhoun as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that:

1. The following defendants are in default of Motion or Answer:

    a. Shannon Calhoun and
    b. Unknown Spouse, if any, of Shannon Calhoun.

2. The Clerk's Entry of Default was filed herein on June13, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the plaintiff from the defendant, Shannon Calhoun, upon the subject Note, the principal balance of $81,094.96, for which judgment is hereby rendered in favor of the Plaintiff, with interest at the rate of 8.85 percent per annum from February 1, 2006.

The Note is secured by the Mortgage held by the plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

> Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: and known as being Sublot No. 130 in the Parkhill Land and Allotment Company's Shaker Overlook Subdivision of part of Original Warrensville Township Lot Nos. 51 and 61, as shown by the recorded plat in Volume 58 of Maps, page 10, of Cuyahoga County Records.

Parcel Number: 139-04-049

Commonly known as: 14214 Glendale Avenue, Cleveland, Ohio

Taking as true the allegations contained in plaintiff's complaint, the Court finds that the Mortgage was filed for record on October 15, 2003, and recorded as Instrument Number 200310150875 in the Cuyahoga County Recorder's Office; that the mortgage, together with the Note, was assigned to the Plaintiff by an Assignment of Mortgage filed for record on May 17, 2006 as Instrument Number 200605170218 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the defendant-titleholder foreclosed.

**IT IS THEREFORE**

**ORDERED,** that unless the sums hereinabove found to be due to Plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-W9 under the Pooling & Servicing Agreement dated December 1,

2003, and the costs of this action, be fully paid within seven (7) days from the date of the entry of this decree, the equity of redemption of the defendant-titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall issue to the United States Marshal of the Northern District of Ohio, directing him to appraise, and sell same at public sale, as upon execution and according to law, after having the property advertised according to law, particularly 28 U.S.C. §§ 2001 and 2002. The Marshal shall report his proceedings to this Court.

**ORDERED FURTHER**, that the United States Marshal shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the even that an Order of Sale is returned by the United States Marshal unexecuted, subsequent Orders of Sale shall issue in accord with the Court's instructions.

**ORDERED FURTHER**, that the United States Marshal, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the United States Marshal for his or her fees and to satisfy all costs incurred by the Marshal incident to the advertising and sale of the property.

2. To the Treasurer of Cuyahoga County, the taxes and assessments, due and payable as of the date of transfer of the property after the United States Marshal's Sale.

3. To the plaintiff Deutsche Bank National Trust Company, as Trustee of Argent Securities Inc., Asset Backed Pass-Through Certificates, Series 2003-W9 under the Pooling & Servicing Agreement dated December 1, 2003, the sum of $81,094.96, with interest at the rate of 8.85 percent per annum from February 1,

2006.

4. To Plaintiff the sums advanced for real estate taxes, hazard insurance and property protection.

5. The balance of the sale proceeds, if any, shall be held by the United States Marshal to await further orders of distribution by this Court.

The purchaser of the property being sold is hereby subrogated to all rights of the lienholders in the premises to the extent of such payment and for the protection of its title.

Since Plaintiff is the first and best lienholder junior only to real estate taxes, if it is the successful bidder at the United States Marshal's sale, Plaintiff shall not be required to make a deposit at the time of sale. Plaintiff shall pay the balance of all the Marshal's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

**IT IS SO ORDERED.**

DATE: 8/8/06

/s/Dan Aaron Polster  8/8/06
JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE